[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 50.]

**POND, APPELLANT *v*. LESLEIN, APPELLEE.**

**[Cite as *Pond v. Leslein*, 1995-Ohio-193.]**

*Civil procedure—Civ.R. 50—Motion for directed verdict—Trial court errs in denying plaintiff's motions for a directed verdict and allowing the jury to decide the issue of defendant's negligence, when.*

(No. 93-2584—Submitted February 21, 1995—Decided April 19, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-617.

_____

{¶ 1} While driving his car on the afternoon of April 20, 1989, defendant-appellee Robert C. Leslein collided into the rear of plaintiff-appellant Robert Pond's car on the entrance ramp from Route 161 to southbound Route 315 in Columbus, Ohio. Before the accident, Leslein had seen Pond traveling on the entrance ramp in the same direction as Leslein.

{¶ 2} After seeing Pond's vehicle a fair distance in front of him, Leslein accelerated down the entrance ramp, glanced into his rearview mirror, and looked to his left to check the traffic flow on Route 315. When he turned to look in front of his car, Leslein noticed the brake lights of Pond's car, which had stopped allegedly because Pond had heard an automobile horn. Leslein applied his brakes but was unable to stop before colliding into the rear of Pond's stationary vehicle. When the accident occurred, it was sunny, and the surface of the entrance ramp was dry.

{¶ 3} A few seconds after both vehicles came to a full stop after the collision and while Leslein was preparing to disembark his vehicle, Pond's car turned to the right, went down an embankment, and hit some trees on the other side of the ditch. Pond alleged that he sustained personal injuries as a result of the initial collision with Leslein's car and the subsequent collision into the trees.

**{¶ 4}** Pond sued Leslein in the Court of Common Pleas of Franklin County, asserting that Leslein had negligently failed to maintain an assured clear distance ahead. After opening statements and at the close of all the evidence during the trial, plaintiff's counsel moved for a directed verdict in Pond's favor on the "issue of who negligently caused the rear-end collision." Determining that the jury must decide the issues of proximate cause and comparative negligence, the trial court denied both motions and submitted all issues to the jury, including the issue of the defendant's negligence.

**{¶ 5}** During its instructions to the jury, the court defined negligence as "a failure to use ordinary care" and stated, "If you find the assured clear distance rule applies and was violated, then you must find that the driver, Robert Leslein, was negligent." Responding to the first jury interrogatory, the jury found that Leslein was not negligent and rendered a general verdict in favor of the defendant. Because it found that Leslein was not negligent, the jury followed the court's instructions and left unanswered the remaining jury interrogatories relating to the issues of proximate cause, comparative negligence, and damages. The trial court entered judgment in favor of the defendant.

**{¶ 6}** Upon appeal, even though the court of appeals determined that defendant Leslein was negligent as a matter of law with regard to the "initial" collision, it affirmed the judgment of the trial court that was consistent with the jury's general verdict. The appellate court ruled that the trial court did not err in denying plaintiff Pond's motions for a directed verdict, because a jury question remained concerning the issue of proximate cause.

**{¶ 7}** The cause is now before this court pursuant to the allowance of a motion to certify the record.

————————————

*Wolske & Blue, Michael S. Miller* and *William Mann*, for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Robert C. Buchbinder*, for appellee.

———————————

**WRIGHT, J.**

{¶ 8} The sole issue in this case is whether the trial court erred in denying the plaintiff's motions for a directed verdict and allowing the jury to decide the issue of the defendant's negligence. For the reasons stated below, we hold that the trial court erred to the detriment of the appellant.

{¶ 9} R.C. 4511.21(A) states that "no person shall drive any motor vehicle *** in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." Ohio case law has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Blair v. Goff-Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 5, 358 N.E.2d 634, 636 (citing *McFadden v. Elmer C. Breuer Transp. Co*. [1952], 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385). See, also, *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 69, 4 OBR 155, 157, 446 N.E.2d 454, 456. Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation.

{¶ 10} Where there is conflicting evidence and reasonable minds could differ concerning any one of the elements necessary to constitute a violation of the statute, a jury question exists with regard to that element. For instance, in numerous cases in which a collision occurred at night or during extraordinary weather conditions that reduced visibility, we have held that a jury question existed as to whether the object that the driver hit was "reasonably discernible." See, *e.g., Blair,*

*supra; Tomlinson, supra; Junge v. Brothers* (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477*; Sharp v. Norfolk & W. Ry. Co.* (1988), 36 Ohio St.3d 172, 522 N.E.2d 528, syllabus; and *Ziegler v. Wendel Poultry Serv., Inc.* (1993), 67 Ohio St.3d 10, 13, 615 N.E.2d 1022, 1026-1027.  However,  we also have made clear that "[a]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212, paragraph two of the syllabus.

**{¶ 11}** Based upon the undisputed facts of this case, defendant Leslein violated R.C. 4511.21(A) as a matter of law.  It is undisputed that Pond was ahead of Leslein in the latter's path of travel, that Pond was stationary or moving in the same direction as Leslein, that Pond did not suddenly appear in Leslein's path of travel, and that Leslein actually saw Pond's car a fair distance ahead of him before the collision.  It also is undisputed that the accident occurred on a clear, sunny afternoon.

**{¶ 12}** Violation of the assured clear distance ahead statute constitutes negligence per se.  See *Skinner v. Pennsylvania RR. Co.* (1933), 127 Ohio St. 69, 186 N.E. 722, syllabus; *Transp. Corp. of Indiana v. Lenox Trucking, Inc.* (1968), 15 Ohio St.2d 1, 44 O.O.2d 1, 238 N.E.2d 539, paragraph one of the syllabus; and *Blair, supra,* at 7, 3 O.O.3d at 5, 358 N.E.2d at 636.  In this case, defendant Leslein was negligent *per se—i.e.,* as a matter of law, Leslein breached a duty that he owed to Pond.

**{¶ 13}** Reasonable minds could only conclude that Leslein violated R.C. 4511.21(A), which constitutes negligence *per se.* Therefore, we hold that the trial court erred by failing to grant plaintiff Pond's Civ.R. 50 motions for a directed

verdict concerning Leslein's negligence and by allowing the jury to decide whether Leslein was negligent.  See Civ.R. 50(A)(4).[1]

{¶ 14} Our holding that Leslein was negligent per se  is determinative of only two of the essential elements of Pond's negligence claim, *i.e.*, duty and breach of duty; it does not wholly dispose of the negligence claim against Leslein.  Jury questions still remain concerning the issues of comparative negligence, proximate cause, and damages.

{¶ 15} For the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for a new trial.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————

1.  Civ.R. 50(A)(4) provides: "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."