DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Angela Long, appeals from the judgment of the Summit County Court of Common Pleas finding in favor of appellee, Treva Vamper, on appellant's claim of negligence. This Court affirms.
 I. {¶ 2} As a result of an incident on the morning of September 19, 2001, appellant filed suit against appellee alleging negligence. On that morning, appellant and appellee were involved in two minor automobile collisions. Initially, appellee rear ended appellant while both were in the middle of three lanes which flowed in the same direction. However, the parties dispute what occurred next. Appellant testified that appellee attempted to leave the scene of the accident by moving into the left turn lane. According to appellant, she turned her car into the left turn lane and cut off appellee to stop her from fleeing the scene of the accident and a second collision occurred. Appellee testified that she pulled into the left turn lane immediately following the accident and placed her car in park to await the police. She noted that after placing her car in park, appellant pulled her vehicle into the left turn lane colliding with appellee's car.
 {¶ 3} In addition to the parties' testimony, the jury heard testimony from an Akron police officer and appellant's treating physician. The officer indicated where the damage occurred on appellant's car, the left and center rear of the car. Appellant's treating physician detailed appellant's injuries, their likely cause, and his treatment plan. Upon hearing all of the testimony, the jury returned a verdict in favor of appellee. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court not finding the appellee-defendant guilty of negligence not stopping after the first impact was against the manifest weight of the evidence in violation of akron city code, § 4511.34
(2003), § 4549.03 (2003) § 4511.71 (2003)[.]"
 {¶ 4} In her sole assignment of error, appellant contends that the jury verdict issued in the trial court was against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} When an appellant asserts that a civil judgment is against the manifest weight of the evidence, this Court's standard of review is the same as that in a criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286. In determining whether a judgment is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 In the instant matter, appellant alleged that appellee's negligence was the cause of her injuries. In order to establish an actionable cause of negligence, "one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
 {¶ 6} Appellant asserts that since it was undisputed that appellee failed to maintain an assured clear distance that the jury verdict must be in an error. This Court disagrees.
 {¶ 7} We begin by noting that appellant's testimony regarding the circumstances causing the accident was inconsistent at trial. At one point she claims that she never came to a stop before the accident. However, under cross-examination appellant testified that she had come to stop at a red light prior to the collision. Additionally, appellant admitted that she cut off appellee by pulling into the left turn lane, causing the second collision. This scenario is further bolstered by appellee's testimony that her car was in park at the time of the second collision.
 {¶ 8} Through her claim, appellant introduced evidence of medical bills exceeding $5,000. However, her treating physician could not determine whether her injuries were a result of the first or second collision. He testified only that the injuries appellant complained of correlated to an automobile accident. In addition, the jury was shown photographs of the damage the automobiles suffered in the accident. These photographs depict minimal damage on both the cars involved in the accident.
 {¶ 9} In an action for negligence, a plaintiff has the burden to prove, by a preponderance of the evidence, that the defendant's negligence was a direct or proximate cause of her injuries. Gedra v. Dallmer Co.
(1950), 153 Ohio St. 258, paragraph one of the syllabus; Rimsky v.Snider (1997), 122 Ohio App.3d 248, 252. In the instant case, conflicting evidence was presented at trial as to the cause of appellant's injuries. As evidenced by its verdict, the jury chose to believe the evidence presented by appellee. When conflicting evidence is presented at a jury trial, a judgment is not against the manifest weight of the evidence simply because the jury chose to believe one side over the other. State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28. As such, this Court cannot say that the jury clearly lost its way in finding that appellant had failed to prove the necessary elements of negligence. Accordingly, appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J. Concur.