JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant William Mitchell ("Mitchell") appeals the trial court's granting summary judgment for defendant-appellee Thomas Kuchar ("Kuchar"). Finding no merit to the appeal, we affirm.
 {¶ 2} The instant case arises from an automobile accident which occurred on June 16, 2000, involving Mitchell, Kuchar, and Maria Rizzo. Mitchell was heading eastbound on Interstate 480, between Tiedeman and Ridge Roads, when he rear-ended Rizzo's vehicle. According to Rizzo, she slowed down to avoid Kuchar's vehicle. Kuchar, who was intoxicated at the time, had fallen asleep at the wheel, resulting in his car hitting the concrete barrier and then traveling across the lanes of traffic, and ending up in the grass on the side of the road.
 {¶ 3} In his amended complaint, Mitchell asserted a negligence claim against Kuchar, claiming that Kuchar's negligent actions caused the automobile accident between him and Rizzo. He also asserted a claim against Rizzo, alleging that he was entitled to compensatory damages as a result of the damage caused to his car by her sudden braking without operable brake lights. Mitchell further alleged that he was entitled to punitive damages because Kuchar was driving under the influence of alcohol at the time of the accident.
 {¶ 4} In November 2001, the trial court granted Rizzo's motion for summary judgment in part, finding that Mitchell violated R.C. 4511.21, Ohio's assured clear distance ahead rule, and was therefore negligent per se. However, because the court found that a genuine issue of fact existed as to whether Rizzo's brake lights were functioning at the time of the accident, it held that it could not conclude as a matter of law that Mitchell's comparative negligence was greater than the combined negligence of all the parties. As a result, the court denied the motion in part and ordered the matter to proceed to trial.
 {¶ 5} Subsequently, Kuchar moved for summary judgment against Mitchell, claiming that he could not be found liable because Mitchell's negligence constituted an intervening act, relieving him of liability. The trial court agreed and granted his motion for summary judgment.[1]
 {¶ 6} Mitchell appeals, raising three assignments of error.
 {¶ 7} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. LaPine TruckSales Equip. Co. (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 9} In his first assignment of error, Mitchell argues that the trial court erred in granting Kuchar's motion for summary judgment because a genuine issue of fact exists as to whether he proximately caused the accident. He claims that, at a very minimum, an issue of fact exists as to whether Kuchar was comparatively negligent because his actions prompted Rizzo to brake suddenly, thereby causing the accident. In response, Kuchar argues that regardless of his negligent actions, Mitchell's violation of the assured clear distance rule negates any claim under the instant circumstances because the violation constitutes an independent intervening act, breaking the chain of causation. We agree.
 {¶ 10} In Daniels v. Williamson (July 3, 1997), Greene App. No. 96-CA-146, and Didier v. Johns (1996), 114 Ohio App.3d 746, the Second Appellate District addressed the same issue and held that the plaintiff's violation of the assured clear distance rule constituted an intervening cause of the collision, rendering the defendant's negligence too remote in the causal chain to justify liability. In Didier, the court affirmed the trial court's award of summary judgment in favor of the defendant even though the defendant fell asleep while driving his car and crossed the center line, thereby causing a bus traveling behind him to stop abruptly and plaintiff's rear-ending the bus. Similarly, in Daniels, the court found that the owner of the pigs which wandered on the highway could not be liable for the resulting car accident between the plaintiff and the stopped car blocked by the pigs because the plaintiff's failure to maintain an assured clear distance was an efficient, intervening cause of the collision. We find these cases persuasive and analogous to the instant case.
 {¶ 11} Applying these holdings, we find that the trial court properly granted Kuchar's motion for summary judgment. Mitchell's failure to maintain an assured clear distance broke the chain of causation related to Kuchar's negligent driving. The violation constituted an independent, intervening act which absolved Kuchar of liability for the collision between Mitchell and Rizzo. See, also Sabbaghzadeh v. Shelvey (June 14, 2000), Lorain App. No. 98CA007244 (defendants were relieved of any liability for their negligent acts because the decedent's failure to maintain an assured clear distance constituted an efficient, independent, intervening act, breaking the chain of causation).
 {¶ 12} Moreover, we are unpersuaded by Mitchell's contention that essentially, "but for" Kuchar's actions, the accident would not have happened and, on this basis, the trial court should have denied summary judgment. To the contrary, Ohio courts have consistently recognized that the "but for" argument is insufficient to establish proximate cause. As stated in Didier, supra, at 754:
"To illustrate the inappropriateness of applying the `but for' analysis in law, imagine that a child's ball rolls into the street of a suburban neighborhood. The first car whose driver sees it properly rolls to a stop or a slow crawl. The next succeeding eight drivers do the same. However, a hopped-up teenager driving the tenth car slams into the rear of the ninth car. Physically, the accident would not have happened `but for' the ball in the street. But the analysis would not stop there. The ball possibly would not be in the street `but for' the negligence of the child (or children), the negligence of the parent(s) or babysitter on the scene, the lack of a playground (forcing the children to play in their front yards), etc., etc. etc., ad infinitum. Are we to direct all rear-end collisions into an endless search of discovery for some tint of negligence down the road, no matter how far removed? We think not.
The legal analysis must focus on the direct per se negligence of the violator of the assured clear distance rule, as distinct from a physical analysis made pursuant to the `but for' theory."
 {¶ 13} Thus, although Mitchell emphasizes that Kuchar was intoxicated and fell asleep at the wheel, thereby causing Rizzo to brake suddenly, we find that his focus is misplaced. Kuchar's actions are irrelevant when the chain of causation has been broken by an intervening act. Here, we find Kuchar is relieved from liability by virtue of Mitchell's failure to maintain an assured clear distance ahead. Significantly, the instant case does not involve a collision of all three cars. Indeed, by maintaining an assured clear distance, Rizzo was able to stop and avoid any impact with Kuchar's vehicle. Accordingly, in light of the break in the chain of causation by Mitchell's actions, we find that the trial court properly held that, as a matter of law, Kuchar was not proximately liable for Mitchell's injuries.
 {¶ 14} We further find that Rizzo's alleged negligence in failing to maintain her vehicle's brake lights does not change our proximate cause analysis. In fact, Rizzo's alleged negligence makes Kuchar's negligence even more remote in the chain of causation. As noted in Daniels, supra, "the characterization of the intervening act as negligent [i.e., Rizzo's inoperable brake lights] would render the preceding acts [i.e., Kuchar's negligent driving while intoxicated] in the chain of causation more remote, not less."
 {¶ 15} Accordingly, we find that the trial court properly concluded that no genuine issue of material fact existed as to proximate cause, and that Kuchar could not be liable for Mitchell's injuries as a matter of law. Thus, the first assignment of error is overruled. Further, because Mitchell failed to establish proximate cause, his second assignment of error pertaining to punitive damages is moot.
 {¶ 16} In his final assignment of error, Mitchell argues that the trial court erred in determining that he violated the assured clear distance rule.
 {¶ 17} R.C. 4511.21(A) states that "no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." The Ohio Supreme Court has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Pond v. Leslein, 72 Ohio St.3d 50, 52,1995-Ohio-193, quoting Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7
(citing McFadden v. Elmer C. Breuer Transp. Co. [1952], 156 Ohio St. 430).
 {¶ 18} Mitchell first contends that genuine issues of material fact exist as to whether Rizzo's vehicle was "reasonably discernible." However, Mitchell testified that he saw Rizzo's vehicle when he entered Interstate 480. He further stated that her vehicle was approximately one and one-half to two car lengths ahead of him and that her vehicle's tail lights were illuminated. Thus, his own testimony conclusively demonstrates that Rizzo's vehicle was reasonably discernible.
 {¶ 19} Next, Mitchell claims that the "sudden emergency" doctrine operates as a defense to his violation of the assured clear distance rule. We disagree.
 {¶ 20} First, the Ohio Supreme Court has expressly incorporated the sudden emergency doctrine into the test for a violation of the statute.Venegoni v. Johnson, Franklin App. No. 01AP-1284, 2002-Ohio-1988, citingPond, supra. Thus, to establish a violation of the assured clear distance ahead rule, the record must reveal that the driver collided with an object which did not suddenly appear in the driver's path. Ohio courts recognize that an object suddenly appears in the driver's path if the "assured clear distance was suddenly cut down or lessened by the entrance into the driver's line of travel of some obstruction which rendered him unable, in the exercise of ordinary care, to avoid colliding with such obstruction." Id., citing Cox v. Polster (1963), 174 Ohio St. 224, 226.
 {¶ 21} Mitchell contends that Kuchar's "out of control driving" combined with Rizzo's sudden braking constituted a sudden emergency which rendered compliance with the assured clear distance ahead rule nearly impossible. This argument, however, fails to demonstrate that his assured clear distance was suddenly cut down or lessened by the entrance into his lane of travel of some obstruction. Indeed, Kuchar's vehicle never crossed Mitchell's path. Rather, the record reveals that Mitchell came too quickly upon Rizzo's car which had suddenly braked. Thus, because Rizzo's car was directly ahead of Mitchell and he was traveling behind her for over a minute prior to the collision, he failed to show evidence of a sudden emergency.
 {¶ 22} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, P.J. and Gallagher, J. concur
[1] Thereafter, Rizzo and Mitchell settled the other claims, thereby disposing of all the claims and making the trial court's order final and appealable. We further note that although this case was consolidated with an action filed by Rizzo against Mitchell and Kuchar, her claims were dismissed with prejudice prior to the court's grant of summary judgment and are not part of the instant appeal.