JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Gary Payne ("Payne"), appeals the trial court's judgment denying his motion for a mistrial and a new trial after a jury verdict in favor of plaintiff-appellee, Grady McKenzie ("McKenzie"). Specifically, Payne claims that the trial court erred by failing to give a requested and agreed-upon statutory jury instruction. For the following reasons, we reverse the decision of the trial court and remand the case for a new trial.
 {¶ 2} The record on appeal reveals the following pertinent facts: On April 14, 2001, Payne and McKenzie were involved in a motor vehicle accident at the intersection of Forest Hill Drive and Terrace Avenue in East Cleveland, Ohio. McKenzie was proceeding northbound on Forest Hill Drive in the left-hand lane. As she approached the intersection, the light turned green and she switched into the right-hand lane to avoid stopping behind a SUV waiting to make a left-hand turn. Payne was proceeding southbound on Forest Hill Drive and was attempting to make a left hand turn onto Terrace Avenue. As Payne was making his left-hand turn onto Terrace Avenue, McKenzie struck the left front side of Payne's vehicle.
 {¶ 3} At trial, Payne argued that McKenzie failed to use due care in changing lanes and that she negligently came around the stopped SUV without ascertaining the safety of such lane change, thereby proximately causing the collision. In turn, McKenzie argued that Payne negligently failed to yield the right of way.
 {¶ 4} Prior to submission of the case to the jury, the parties discussed the jury instructions to be given. The court refused to give a request by Payne for O.J.I. 225.39, which states:
 {¶ 5} "CHANGING COURSE
 {¶ 6} "The driver of a vehicle must not move right or left on a highway until he has used ordinary care to make sure that the movement can be made with reasonable safety. He must also give a proper signal. R.C. 4511.39.
 {¶ 7} "SIGNAL BEFORE TURNING
 {¶ 8} "The driver of a vehicle must give a continuous signal by signal light at least the last one hundred feet prior to making his move so as to clearly show approaching traffic his intention to make such movement. A failure to give such a signal is negligence."
 {¶ 9} However, the court agreed, among other instructions, to give O.J.I. 225.33, which states as follows:
 {¶ 10} "DRIVING IN MARKED LANES
 {¶ 11} "The driver of a vehicle must drive, as nearly as he can, entirely within a single lane of traffic and must not move from such lane until he has first made sure that such movement can be made with safety when the traffic is lawfully moving in two substantially continuous lines in the same direction in a municipal corporation."
 {¶ 12} At the close of trial, when the court gave its instruction to the jury, the court failed to include O.J.I. 225.33. At the conclusion of the court's instructions, but prior to the jury being excused, Payne brought the omission of O.J.I. 225.33 to the attention of the court. The court did not give the instruction to the jury and submitted the interrogatories to the jury. The jury found that Payne was 95% negligent and McKenzie 5% negligent.[1]
 {¶ 13} Payne moved for a new trial based upon the trial court's failure to give the requested jury instructions. The court acknowledged that it had failed to give the requested and agreed-xupon O.J.I. 225.33, agreed that O.J.I. 225.33 was a "stronger" charge, but denied the motion for a new trial based on its finding that the charge given "adequately conveyed to the jury the issues that they had to decide." (Tr. 143-144). Payne now appeals this judgment and raises six assignments of error for our review. We shall address the first three together inasmuch as they deal with the jury instructions and are dispositive of this matter.
 {¶ 14} "I. The trial court committed prejudicial error in failing to give requested statutory instructions after stating that said instructions would be given.
 {¶ 15} "II. The trial court committed prejudicial error by refusing to reinstruct the jury after the omission of statutory instructions were brought to the court's attention.
 {¶ 16} "III. The trial court committed prejudicial error by not declaring a mistrial when the jury returned a verdict with inconsistent interrogatory answers, especially in light of the erroneous jury instructions."
 {¶ 17} A trial court's failure to give a requested jury instruction and its decision to deny a motion for a new trial are reviewed under an abuse of discretion standard. State v. Wolons (1989), 44 Ohio St.3d 64, 68;Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679, 690. An abuse of discretion connotes more than an error in judgment, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.Huffman v. Hairsurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 18} With respect to jury instructions, a trial court is required to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact.Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12. Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v. Carrollton Mfg. Co.
(1991), 61 Ohio St.3d 585, 591.
 {¶ 19} An appellate court must review the challenged or omitted instructions within the context of the entire charge and not in and of itself. State v. Hardy (1971), 28 Ohio St.2d 89, 92. A trial court can be found to have committed reversible error only where it can be found the instructions given misled the jury. Kokitka v. Ford Motor Co. (1995),73 Ohio St.3d 89, 93.
 {¶ 20} Here, Payne requested instructions pertaining to a driver's duties relating to overtaking and passing on the right. See O.J.I. 225.39 and 225.33, supra. Our review of the transcript shows that the testimony of both Payne and Officer Bechtel of the East Cleveland Police Department focused on the fact that McKenzie changed lanes to go around a stopped vehicle prior to the collision. Payne further testified that he had a clear view of the right curb lane and there was no traffic coming toward him when he proceeded to initiate his turn. Further, McKenzie testified in her deposition that she was in the left lane as she came down the hill approaching Terrace Avenue, where the collision occurred. Accordingly, reasonable minds could easily reach the conclusion that McKenzie violated the statutory duties set forth in O.J.I. 225.33 and 225.39 and that she was a proximate cause of the collision, or at the least, more than merely 5% negligent, as determined by the jury.
 {¶ 21} Here, the trial court placed great emphasis on the statutory duties of right-of-way and left-turning vehicles (McKenzie's course of action) and made only a passing reference to the duties of overtaking and passing on the right (Payne's course of action) without fully describing those duties and the fact that a breach of those duties constitutes negligence.[2] Moreover, the trial court admitted on the record that it had agreed to give a charge under O.J.I. 225.39 and that it had failed to do so. We find that this was prejudicial to Payne as these instructions are confusing in regard to the burden of proof required for recovery.
 {¶ 22} The instructions to the jury heavily emphasized right-of-way, lawful operation, and the duties required by a left-turning vehicle (McKenzie's cause of action). The lack of emphasis in the jury instructions concerning McKenzie's corresponding duties made the jurors less aware of McKenzie's duties, which could have led to the jurors failing to consider her as the proximate cause of the collision. Counsel for Payne immediately brought these inadequate and potentially confusing instructions to the attention of the trial court, specifically requesting that a curative instruction be given. The trial court refused. Based on the above, we find the trial court's refusal constitutes an abuse of discretion.
 {¶ 23} Accordingly, we find that the trial court's decision denying Payne's motion for a new trial was an abuse of discretion. The jury instructions, when taken as a whole, were clearly prejudicial to Payne. Had the trial court properly instructed the jury on the statutory duties required prior to changing lanes and moving from a continuous course of travel, it appears the outcome of this case could have been different. Thus, we find that Payne's first three assignments of error have merit.
 {¶ 24} Our disposition of these assignments of error renders the remaining assignments of error moot.
Judgment reversed and cause remanded for a new trial.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., Concur.
[1] The jury initially found that Payne was negligent and McKenzie was not negligent. However, it then found that McKenzie was 15% negligent and Payne 85% negligent. Because these findings were inconsistent, the matter was resubmitted to the jury where it found that McKenzie was negligent, but reduced her negligence to 5% and increased Payne's negligence to 95%.
[2] Tr. 118-121.