JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Heidi and Anthony Delbalso appeal an adverse jury verdict in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On August 10, 2003, Heidi Delbalso was attending a bridal shower in the Cleveland area known as "Little Italy." She pulled into a valet zone on Mayfield Road and exited her Ford Expedition. Delbalso went around the front to the passenger side to help her mother-in-law out of the vehicle. Meanwhile, the valet driver entered the driver's seat and Delbalso's 15-year-old daughter attempted to retrieve the shower gift from the backseat through the rear driver's side door. When her daughter could not remove the gift, Delbalso came back around to do it herself, and her daughter went to help her grandmother.
 {¶ 3} While Delbalso leaned into the vehicle to retrieve the gift, she had the rear passenger door resting against her backside. When Delbalso stood up with the gift, the door opened wider, just as defendant-appellee David Kippen's vehicle was maneuvering around Delbalso's vehicle. The door opened into Kippen's vehicle as he passed by, causing damage to Delbalso's Ford Expedition and Kippen's Honda Pilot. Somehow, Delbalso landed on the ground on her hands and knees, and her left hand was run over by the rear tire of Kippen's vehicle, which resulted in considerable injury to her hand and wrist. In addition, Delbalso lost a diamond from her engagement ring.
 {¶ 4} The Delbalsos filed a complaint for negligence against Kippen for the injuries sustained to Heidi Delbalso's hand and wrist. The jury unanimously found in favor of Kippen. The Delbalsos appeal, advancing two assignments of error for our review. Their first assignment of error states the following:
 {¶ 5} "The trial court erred when it refused to instruct the jury on Ohio's clear law of assured clear distance."
 {¶ 6} A trial court's failure to give a requested jury instruction is reviewed under an abuse of discretion standard.McKenzie v. Payne, Cuyahoga App. No. 86230, 2005-Ohio-5127, ¶ 17P-19. A trial court is required to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. Marshallv. Gibson (1985), 19 Ohio St.3d 10, 12. Requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. An appellate court must review the challenged or omitted instructions within the context of the entire charge and not in and of itself. Statev. Hardy (1971), 28 Ohio St.2d 89, 92. A trial court can be found to have committed reversible error only where it can be found the instructions given misled the jury. Kokitka v. FordMotor Co., 73 Ohio St.3d 89, 93, 1995-Ohio-84. In McKenzie v.Payne, Cuyahoga App. No. 86230, 2005-Ohio-5127, this court reversed the jury verdict because the trial court's instructions over-emphasized one party's duties and failed to emphasize the other party's duties and this court reasoned that the failure could have led to juror confusion. The jury instructions placed great emphasis on the statutory duties of right-of-way and left-turning vehicles (McKenzie's course of action) and made only a passing reference to the duties of overtaking and passing on the right (Payne's course of action) without fully describing those duties and the fact that a breach of those duties constitutes negligence. This court found that the instructions were prejudicial to Payne and were confusing in regard to the burden of proof required for recovery.
 {¶ 7} Relying on McKenzie, the Delbalsos argue that a new trial should be ordered in their case because the trial court failed to instruct the jury on Kippen's duty to maintain an assured clear distance ahead under R.C. 4511.21. R.C. 4511.21
provides in part as follows:
"(A) * * * [N]o person shall drive any motor vehicle * * * inand upon any street or highway at a greater speed than willpermit him to bring it to a stop within the assured cleardistance ahead."
 {¶ 8} The Ohio Supreme Court has consistently held that a person violates the assured clear distance ahead statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible."Pond v. Leslein, 72 Ohio St.3d 50, 52, 1995-Ohio-193, quotingBlair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7, citingMcFadden v. Elmer C. Breuer Transp. Co. (1952),156 Ohio St. 430.
 {¶ 9} The court in Pallini v. Dankowski (1969),17 Ohio St.2d 51, 56, gave the following meaning to the words "ahead" and "lane": "The word `ahead,' as it appears in Section 4511.21 of the Revised Code, and the word `lane,' as it appears in our decisions on the question, mean to the front of, and within the directional line of travel of, a motorist whose conduct is sought to be brought within the rule's application."
 {¶ 10} In this case, the Delbalsos failed to prove that Heidi Delbalso or her vehicle were in Kippen's lane of travel before the accident happened. Delbalso's vehicle was in the valet zone when Kippen followed the traffic around her vehicle. The evidence revealed that Kippen was passing her with two to three feet between their two vehicles and would not have hit her had her door not swung open into his path. The initial impact was right above the front axle of Kippen's vehicle. In addition, the Delbalsos failed to prove that neither Heidi Delbalso nor her vehicle's door suddenly appeared in Kippen's path. The Delbalsos' own expert testified that nothing was in Kippen's path of travel until Delbalso's door swung open, hitting Kippen's vehicle. Her expert agreed that Kippen's vehicle could have safely traveled through that space if nothing changed, in other words, if her door did not open. Furthermore, the Delbalsos' expert, a traffic engineer, agreed that this was not an assured clear distance case.
 {¶ 11} Kippen's expert testified that based on the damage sustained by both vehicles, Delbalso's door opened into Kippen's vehicle just as he was passing. Kippen testified that there was nothing in his lane of travel when he tried to pass by Delbalso's vehicle.
 {¶ 12} The trial court did not abuse its discretion when it denied the Delbalsos' request to instruct the jury on Kippen's duty to maintain an assured clear distance ahead. Accordingly, the Delbalsos' first assignment of error is overruled.
 {¶ 13} The Delbalsos' second assignment of error states the following:
 {¶ 14} "The jury's determination that the defendant-appellee Kippen was not negligent was against the manifest weight of the evidence."
 {¶ 15} We will reverse a judgment as against the manifest weight of the evidence and order a new trial only in the exceptional case where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardiman v. Zep Mfg. Co. (1984),14 Ohio App.3d 222, 226, quoting Royer v. Bd. of Education (1977),51 Ohio App.2d 17, 20.
 {¶ 16} In order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 81,2003-Ohio-2573, citing Menifee v. Ohio Welding Prod., Inc.
(1984), 15 Ohio St.3d 75, 77. Negligence must be proved by a preponderance of the evidence. Long v. Vamper, Summit App. No. 22166, 2005-Ohio-267, ¶ 9; citing Gedra v. Dallmer Co. (1950),153 Ohio St. 258, paragraph one of the syllabus.
 {¶ 17} In this case, the first interrogatory asked "was defendant David Kippen negligent?" The jury answered "no," and it was signed by all eight jurors. Consequently, the jury found in favor of Kippen.
 {¶ 18} As stated previously, both experts testified that Delbalso's door opened into Kippen's vehicle as he was passing. Delbalso had her back to the traffic and did not look before opening the car door wider. The Delbalsos' expert agreed that had the door not opened, Kippen would have been able to pass Delbalso's vehicle without hitting it. Finally, the evidence established that Kippen was not speeding, but rather, he was driving 5 to 10 m.p.h. slower than the posted speed limit. Therefore, we find that the jury verdict was not against the manifest weight of the evidence. Accordingly, the Delbalsos' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., concur.