JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas C. Parrino ("Parrino"), appeals from the judgment of the Common Pleas Court, rendered after a jury verdict, finding him liable to plaintiff-appellee, Viktoriya Yarmoshik, for damages she sustained in an automobile accident with him.
 {¶ 2} The accident occurred in the early evening of April 9, 2003 near the intersection of Broadview and Snow Roads in Parma, Ohio. Parrino exited the driveway of a Taco Bell restaurant on Broadview Road, crossed two lanes of stopped southbound traffic, and entered the center turn lane in order to turn into the northbound lanes on Broadview. As Parrino waited in the center lane, Yarmoshik, who was traveling southbound in the turn lane, intending to make a left-hand turn from Broadview Road onto Snow Road, collided with Parrino. In July 2004, Yarmoshik filed suit against Parrino, asserting that he had caused the accident by "fail[ing] to yield the right of way to oncoming traffic." Parrino answered the complaint, denying liability. After discovery was completed, the trial court referred the case to arbitration pursuant to Loc.R. 29 of the Court of Common Pleas of Cuyahoga County, General Division, and the arbitrators found in favor of Yarmoshik in the amount of $18,000. Parrino then appealed the arbitration award.
 {¶ 3} Parrino subsequently moved to file an amended answer in which he counterclaimed that Yarmoshik's negligent driving caused the accident and that Yarmoshik's suit was a breach of the parties' out-of-court agreement that Yarmoshik would not sue Parrino if he assisted her in making an uninsured motorist claim against her insurance company. Although Parrino subsequently filed his amended answer, there is no order on the docket granting Parrino's motion and Yarmoshik never filed an answer to Parrino's counterclaims.
 {¶ 4} Immediately prior to trial, the trial court ruled that although Parrino could pursue his negligence claim against Yarmoshik, there was no consideration for the parties' alleged agreement that Yarmoshik would not sue Parrino and, therefore, Parrino could not pursue his breach of contract claim against her.
 {¶ 5} At trial, Parma police officer Michael Tellings, who was dispatched to the scene of the accident, testified that he has investigated thousands of automobile accidents during his 22 years as a police officer. He testified further that he has had "a lot" of experience with the type of accident that occurred in this case, i.e., an individual pulling out of a private drive into traffic. According to Tellings, an operator of a vehicle exiting a private drive must yield the right of way to approaching traffic. Tellings testified further that a driver may not enter a turn lane more than 200 feet prior to where the turn will be made.
 {¶ 6} Tellings testified that he cited Parrino for violation of Parma Codified Ordinances 331.22, failure to yield the right of way to oncoming traffic when exiting a private drive. Tellings testified further that the fact that he did not cite Yarmoshik for entering the turn lane more than 200 feet before her turn indicates that she did not do so. According to Tellings, although he did not measure the distance from the Taco Bell driveway to the intersection of Broadview and Snow Roads on the day of the accident, he knew the distance was less than 200 feet because he had investigated a similar accident shortly before this one and determined the distance to be less than 200 feet. Tellings testified that since the accident in 2003, the driveway and parking lot of the Taco Bell restaurant have been reconfigured, and the distance between the new driveway and the intersection is now 230 feet.
 {¶ 7} Yarmoshik testified that she was "going south on Broadview and there was a vehicle right in front of me, which was an SUV. And I had to pass him in order to get into the middle lane to turn left. So I immediately turned in and we collided with Mr. Parrino." On cross-examination, Yarmoshik testified, "the traffic was already moving a little bit because there was a green light. When he [the SUV] moved up I immediately was able to turn into the passing lane and immediately we collided." Yarmoshik admitted that the SUV was blocking her view and she did not see Parrino's car until she hit him. Defense counsel then asked, "So you didn't have an assured clear distance to stop, did you?" Yarmoshik responded, "Correct. Because the SUV was blocking the view. I couldn't see anything. I was next to him in the middle lane."
 {¶ 8} Yarmoshik testified that she knew the accident took place within 200 feet of the intersection of Broadview and Snow Roads because she turned into the center turn lane at the point where turning arrows on the pavement indicate which direction to turn.
 {¶ 9} Parrino moved for a directed verdict at the close of Yarmoshik's case. Defense counsel argued that Yarmoshik had violated: 1) Parma Codified Ordinances 313.10(c) and R.C. 4511.33(A)(2) by entering the center lane more than 200 feet prior to the intersection and using it as a passing lane to pass the SUV; 2) Parma Codified Ordinances 331.08 and R.C. 4511.33(A)(1) by not ascertaining, prior to entering the center turn lane, that she could do so safely; and 3) Parma Codified Ordinances 333.03(a) and R.C. 4511.21(A) by driving at a speed that did not allow her to stop within the assured clear distance ahead. Parrino argued that because Yarmoshik was not lawfully in the center turn lane, she was negligent per se, and therefore, could not prevail on her claim against him. The trial court denied Parrino's motion.
 {¶ 10} Parrino testified for the defense that the traffic on Broadview Road was stopped and two drivers waved him across the lanes of traffic. He "inched" his way into the center lane and stopped. He looked both ways, and saw Yarmoshik proceeding in the center lane, approximately five cars away. He realized she was not going to stop, so he leaned over the center console of his car, and then got hit.
 {¶ 11} Parrino testified that he lived only one mile from the Taco Bell restaurant on Broadview Road and drove by the intersection of Broadview and Snow Roads approximately twice each week. He testified further that he was aware of the layout of the Taco Bell driveway and parking lot both prior to and after construction and that the driveway was not moved during construction. Parrino testified that he measured the distance from the middle of the intersection to the Taco Bell driveway after the accident, using a measuring wheel, and determined it to be 342 feet.
 {¶ 12} On cross-examination, Parrino admitted that he had "inched" into the center lane, rather than pull directly into it, even when waved on by the driver of a van in the lane closest to the center lane, because he knew he had to yield the right of way to approaching traffic.
 {¶ 13} At the close of Parrino's case, Yarmoshik's counsel moved for a directed verdict regarding Parrino's negligence counterclaim and defense counsel renewed his motion for a directed verdict regarding Yarmoshik's claim that Parrino had negligently failed to yield the right of way. The trial court denied both motions.
 {¶ 14} The jury subsequently found Parrino liable to Yarmoshik in the amount of $7,141.06.
 {¶ 15} Parrino now appeals, raising three assignments of error for our review. In his first assignment of error, Parrino argues that the trial court erred in denying his motion for a directed verdict made at the close of Yarmoshik's case. In his second assignment of error, Parrino contends that the trial court erred in denying his motion for a directed verdict made at the close of all the evidence.
 {¶ 16} Civ.R. 50(A)(4) sets forth the standard for granting a motion for directed verdict as follows:
 {¶ 17} "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." See, also, Limited Stores, Inc. v. PanAmerican World Airways, Inc., 65 Ohio St.3d 66, 1992-Ohio-116. The "reasonable minds" test mandated by Civ.R. 50(A)(4) requires the court to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party.Clapp v. Mueller Electric Co., Cuyahoga App. No. 85447, 2005-Ohio-4410, at ¶ 37, citing Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66,69.
 {¶ 18} "A motion for a directed verdict raises a question of law because it examines the materiality of the evidence as opposed to the conclusions to be drawn from the evidence." Texler v. D.O. SummersCleaners, 81 Ohio St.3d 677, 679-680, 1988-Ohio-602. In deciding the merits of a motion for directed verdict, the trial court does not weigh the evidence or evaluate the credibility of witnesses. Id. Instead, the court construes the evidence in a light most favorable to the party opposing the motion, and "if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." (Citations omitted.) Texler, supra at 679.
 {¶ 19} An appellate court conducts a de novo review of a judgment on a motion for a directed verdict. Maglosky v. Kest, Cuyahoga App. No. 85382, 2005- Ohio-5133, at ¶ 22, citing Howell v. Dayton Power LightCo. (1995), 102 Ohio App.3d 6, 13.
 {¶ 20} Parrino argues that vehicles only have the right of way if they are being driven lawfully and, thus, vehicles entering public highways from a private drive are required to yield the right of way only to traffic that is proceeding in a lawful manner. See, e.g.,Streetsboro v. Smith (Nov. 4, 1994), Portage App. No. 93-P-0074. Therefore, Parrino argues, because the evidence demonstrated that Yarmoshik changed lanes without first ascertaining whether she could do so safely, misused the center turn lane as a passing lane, entered the center lane more than 200 feet from where she intended to turn, and failed to maintain an assured clear distance, in violation of numerous statutory duties, she was not proceeding lawfully in the center lane prior to hitting him, and he was not required to yield the right of way to her. Accordingly, Parrino contends, as a matter of law, Yarmoshik could not prevail on her claim that he failed to yield the right of way to her and, therefore, the trial court erred in denying his motion for a directed verdict.
 {¶ 21} We disagree with Parrino's contention that reasonable minds, construing the evidence most strongly in favor of Yarmoshik, could only conclude that she was driving unlawfully in the center turn lane when she collided with him. First, Yarmoshik testified that she entered the center turn lane "immediately after passing a car in front of me." On cross-examination, she testified that she turned into the passing lane "when he [the SUV] moved up." Therefore, despite Parrino's argument to the contrary, it is not apparent that she was using the center turn lane as a passing lane.
 {¶ 22} The evidence was also disputed regarding whether Yarmoshik entered the turn lane more than 200 feet from the intersection. Parrino testified that the distance from the intersection to the Taco Bell driveway was 342 feet; Officer Tellings testified that the distance was less than 200 feet. Yarmoshik testified that she entered the turn lane 200 feet from the intersection. Although Parrino argues that the "real math" indicates that Yarmoshik could not have entered the turn lane less than 200 feet from the intersection because the Taco Bell driveway was 196 feet from the intersection (as Officer Tellings testified on re-direct), Yarmoshik's car was at least 14 feet 7 inches long, and Yarmoshik entered the turn lane at least one car length before hitting Parrino, there is no evidence in the record regarding the length of Yarmoshik's car. Moreover, Yarmoshik's testimony that she hit Parrino "immediately" after entering the turn lane, coupled with Officer Tellings' testimony that the accident occurred less than 200 feet from the intersection, supports a reasonable inference that Yarmoshik entered the turn lane less than 200 feet from where she intended to turn.
 {¶ 23} Likewise, construing the evidence in a light most favorable to Yarmoshik, we cannot conclude that the evidence is unequivocal that Yarmoshik entered the turn lane without ascertaining that she could do so safely. Parrino's own testimony that he saw Yarmoshik in the turn lane when she was "five cars away" from him suggests that she was able to enter the turn lane safely.
 {¶ 24} We are also not persuaded with respect to Parrino's argument that Yarmoshik did not maintain an assured clear distance prior to hitting him. The record reflects the following colloquy between defense counsel and Yarmoshik:
 {¶ 25} "Q. [Y]ou couldn't see my client's car until you got right into the lane with him, right?
 {¶ 26} "A. I collided immediately. There was no way of seeing him.
 {¶ 27} "Q. So you didn't have an assured clear distance to stop, did you?
 {¶ 28} "A. Correct. Because the SUV was blocking the view. I couldn't see anything. I was next to him in the middle lane."
 {¶ 29} "Assured clear distance" is the distance between the car the driver is operating and a reasonably discernable object in the driver's path of travel. A person violates the assured clear distance statute if "there is evidence that the driver collided with an object which 1) was ahead of him in his path of travel, 2) was stationary or moving in the same direction as the driver, 3) did not suddenly appear in the driver's path, and 4) was reasonably discernible." Pond v. Leslein,72 Ohio St.3d 50, 52, 1995-Ohio-193.
 {¶ 30} Despite Yarmoshik's alleged admission that she did not maintain an assured clear distance, her testimony that she collided "immediately" with Parrino after entering the turn lane suggests that he appeared suddenly in her path and, therefore, the assured clear distance ahead statute would not apply. Accordingly, construing the evidence on this issue most strongly in her favor, reasonable minds could reach different conclusions regarding whether Yarmoshik violated the assured clear distance statute.
 {¶ 31} "Where conflicting evidence is presented as to any of the elements necessary to establish a violation of the statute, a jury question is created. 'Especially in cases involving the assured clear distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law.'" Ziegler v. Wendel Poultry Svcs., Inc. (1993),67 Ohio St.3d 10, 12-13. (Citations omitted).
 {¶ 32} Finally, we note that Officer Tellings testified that he cited Parrino for failing to yield the right of way to Yarmoshik. Parrino admitted that he was cited and, further, testified that he knew, as he "inched" his way into the center turn lane, that he was required to yield the right of way to oncoming traffic. In light of the citation, Parrino's admission, and the other evidence produced at trial, we find there was substantial competent evidence from which the jury could have concluded that Yarmoshik was driving lawfully in the center turn lane when she collided with Parrino. Accordingly, the trial court did not err in denying Parrino's motions for a directed verdict.
 {¶ 33} Appellant's first and second assignments of error are overruled.
 {¶ 34} In his third assignment of error, Parrino contends that the jury verdict was against the manifest weight of the evidence. He argues that because Yarmoshik was not driving in a lawful manner in the center lane when she collided with him, she was negligent per se, and, therefore, the jury's verdict was against the manifest weight of the evidence.
 {¶ 35} Judgments that are supported by some competent credible evidence going to all the essential elements of the case will not be reversed by the reviewing court as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 36} As discussed above, the evidence was disputed as to whether Yarmoshik changed lanes without first ascertaining that she could do so safely, misused the center turn lane as a passing lane, entered the center lane more than 200 feet from where she intended to turn, and failed to maintain an assured clear distance. Contrary to Parrino's argument, there was sufficient evidence from which the jury could have reasonably concluded that she was driving lawfully in the center lane and that he unlawfully failed to yield the right of way to her, thereby causing the accident.
 {¶ 37} Moreover, even if the jury determined that Yarmoshik was driving unlawfully in the center lane when she collided with Parrino, both drivers would then be charged with the duty of exercising ordinary care. Streetsboro, supra. In other words, if the jury determined that Yarmoshik's unlawful driving eliminated her preferential driver status, it would then determine which party was negligent utilizing an ordinary care standard.[1]
 {¶ 38} We cannot determine on this record whether the jury decided that Yarmoshik was driving lawfully in the center lane and, therefore, had preferential driving status, or whether it determined the case under the principles of ordinary negligence and concluded that Parrino, rather than Yarmoshik, violated the duty to use ordinary care under the circumstances. Contrary to Yarmoshik's rather surprising assertion that Parrino did not submit interrogatories to the jury, the record clearly reflects that there were six interrogatories submitted to the jury. (Tr. 404). Apparently through no fault of either party, the completed verdict forms and interrogatories are not part of the appellate record. We note, however, that when the jury returned its verdict, the trial court gave counsel an opportunity to review the interrogatories and no objection was raised that they were inconsistent with the verdict. (Tr. 409).
 {¶ 39} Because there was sufficient evidence, under either a preferred driver or ordinary care analysis, from which the jury could have concluded that Parrino negligently caused the accident, the jury's verdict was not against the manifest weight of the evidence.
 {¶ 40} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MICHAEL J. CORRIGAN, J.*, CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.
[1] Any argument by Parrino that Yarmoshik pled only his statutory violation of failing to yield the right of way, and did not include a claim for negligence, was waived at trial when Parrino failed to object to the jury instructions. Indeed, Parrino concedes that the jury was properly instructed that, "if a preferred party loses the right of way by not proceeding in a lawful manner, each party then must use ordinary care under the circumstances," and "if you find that the plaintiff was not traveling in a lawful manner, then she lost the right of way and was not entitled to any preference over the other driver. In that event, the defendant was not required to yield the right of way and the parties have equal rights and each must use ordinary care under the circumstances."