DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Erie County Court of Common Pleas wherein appellees Brenda L. Smith, Executrix of the Estate of David Smith, Brian L. Cowan, and Ben Shinn Trucking, Inc.'s motions for summary judgment were granted. Appellants Rory and Catherine Kaip now appeal. Because we find that the trial court did not err in granting appellees' motions for summary judgment, we affirm.
 {¶ 2} This case stems from an auto accident which occurred in heavy fog on January 6, 1998, in Margaretta Township, Erie County, Ohio. At approximately 6:30 p.m., appellee Cowan, an overland truck driver for appellee, Ben Shinn Trucking, Inc., was operating his tractor trailer westbound on U.S. Route 6 near the intersection of State Route 269 when he collided with a vehicle operated by David Smith. Smith, who had been traveling southbound on State Route 269, failed to stop at a stop sign. The impact caused Cowan to lose control of his truck. He hit a guardrail and his truck overturned, blocking a portion of U.S. Route 6. A significant number of aluminum nuggets, Cowan's haul, spilled out onto the road.
 {¶ 3} Minutes later, appellee Rory Kaip, traveling westbound on U.S. Route 6, hit his breaks as he ran over the aluminum nuggets. He then collided with Cowan's truck. Kaip sustained minor injuries as a result of the accident. David Smith died from the injuries he sustained in the accident.
 {¶ 4} On January 3, 2000, Rory Kaip and his wife Catherine filed a negligence action against the estate of David Smith, Brian Cowan, and Ben Shinn Trucking, Inc. On April 27, 2005, the trial court granted summary judgment to the estate of David Smith, Cowan and Ben Shinn Trucking. Appellants now appeal setting forth the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of appellant in granting appellees' motions for summary judgment where genuine disputable issues of material fact exist."
 {¶ 6} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 7} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67. Civ.R. 56(C).
 {¶ 8} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304. Needham v. Provident Bank (1996),110 Ohio App.3d 817, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 9} In their summary judgment motions, appellees argued that Kaip's negligence in violating the assured clear distance statute, R.C. 4511.21(A), had led to his accident. The driver of a motor vehicle has the duty to drive at a reasonable and proper speed for the traffic, surface, width of the street, and other conditions. Whether a driver's speed is excessive or unreasonable under the circumstances is a question of fact. Columbus v.Cantwell (May 14, 1981), Franklin App. No. 80AP-915, unreported. Violation of the assured clear distance statute and a finding of negligence per se depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. Pond v.Leslein (1995), 72 Ohio St.3d 50, 52, quoting Blair v.Goff-Kirby Co., (1976), 49 Ohio St.2d 5, 7, citing McFadden v.Elmer C. Breuer Trans. Co. (1952), 156 Ohio St. 430.
 {¶ 10} Appellants contend that there exists a material issue of fact as to whether or not Cowan's truck was discernible to Kaip before he collided with it on January 6, 1998. In his deposition, Rory Kaip testified that he never saw Cowan's truck before he collided with it. Appellees argue that had Kaip maintained a speed reasonable for the weather conditions, he would have seen Cowan's truck in enough time to avoid the collision.
 {¶ 11} It is undisputed that it was a foggy night when the accident at issue occurred. Kaip testified that he was traveling approximately 50 to 55 m.p.h. as he approached the intersection of U.S. Route 6 and State Route 269. He described the fog conditions as "patchy." He testified that the fog became particularly thick right before he collided with Cowan's truck.
 {¶ 12} Ohio State Highway Patrol Trooper Shawn Whiley investigated the accident. In his deposition, Trooper Whiley testified that on his way to the accident scene, he drove 35 to 40 m.p.h. Whiley explained that even though he was on his way to an emergency, he did not believe it was reasonable to travel any faster given the foggy conditions. Whiley testified that he believed that Kaip would have seen Cowan's truck had he been traveling at a more appropriate speed for the weather conditions. Whiley testified that although he did not issue Kaip a citation, he believed that the cause of the Kaip/Cowan accident was Kaip's failure to maintain an assured clear distance ahead.
 {¶ 13} Based on Kaip's admission that he was traveling 50 to 55 m.p.h. in foggy conditions, we conclude that there is no genuine issue of material fact as to whether or not Kaip failed to maintain an assured clear distance. Accordingly, the court did not err in granting appellees' motions for summary judgment. Appellants' sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.