DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, Shannon Shooter, appeals the January 31, 2006 judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Donald Perella, in a case stemming from an automobile accident. For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} On November 21, 2005, appellant, Shannon Shooter, filed a complaint against defendant-appellee, Donald Perella. The complaint alleged that in the early morning of May 13, 2004, appellee negligently left his unlit vehicle unattended on Interstate 75 ("I-75") blocking two lanes of traffic. Appellant alleged that as a proximate result of appellee's negligence, appellant struck a cement wall as she was trying to avoid a collision with appellee's vehicle.
 {¶ 3} On November 3, 2006, appellee filed a motion for summary judgment which was supported by the depositions of the parties. Appellee argued that appellant was negligent, per se, based upon her violation of the assured clear distance statute and that appellant's negligence was the proximate cause of her injuries. Appellee argued that appellant admitted that she did not see appellee's vehicle until after she hit the cement wall; appellant swerved to avoid hitting a second vehicle, a Mercury Marquis, which had also collided with the wall, after appellee had, and was blocking two lanes of traffic. Appellee further argued that appellant had presented no evidence that his vehicle caused the Marquis to crash.
 {¶ 4} In opposition, appellant argued that even assuming that appellant was negligent, facts issues remained regarding the comparative negligence of the parties. Appellant further argued that an issue of fact existed regarding whether appellee's vehicle was "reasonably discernable."
 {¶ 5} On January 31, 2006, the trial court granted appellee's motion. The court found that appellant failed to maintain an assured clear distance when she entered a curve *Page 3 
in the road. The court then concluded that appellee was not the proximate cause of appellant's injuries because there was no evidence presented that appellee caused the Mercury Marquis to crash; which, in turn, caused appellant to crash into the concrete barrier. Appellant filed a timely notice of appeal and raises the following assignment of error:
 {¶ 6} "The trial court erred in granting defendant Donald Perella's Motion for Summary Judgment."
 {¶ 7} In her sole assignment of error, appellant contends that the trial court erred in determining that, as a matter of law, appellant violated R.C. 4511.21(A), the assured clear distance statute. Appellant further argues that the trial court erroneously determined the issue of proximate cause.
 {¶ 8} We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning StampingCo. (1998), 128 Ohio App.3d 360, 363. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates: "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party."Miller v. Bike Athletic Co., 80 Ohio St.3d 607, 617, 1998-Ohio-178.
 {¶ 9} Appellant first argues that the trial court erroneously determined that appellant violated the assured clear distance statute as a matter of law. The relevant statute, R.C. 4511.21(A) provides: *Page 4 
 {¶ 10} "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
 {¶ 11} Interpreting the assured clear distance statute, the parties and the trial court discussed the cases captioned Pond v. Leslein,72 Ohio St.3d 50, 1995-Ohio-193, and Coy v. Sieminski (Apr. 18, 1980), 6th Dist. No. L-79-316. In Pond, the Supreme Court of Ohio noted that a person violates the Ohio assured clear distance statute where "`there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'" Id. at 52, quoting Blair v.Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7.
 {¶ 12} The Pond court explained that where there is conflicting evidence on one of the above elements, a jury question exists regarding that element. Id. The court further explained that in cases where a collision occurs late at night or during extreme weather conditions it has frequently held that that a jury verdict remains as to whether the object was "reasonably discernable." Id.
 {¶ 13} In Coy, this court held that a violation of the assured clear distance statute does not require that there be a collision. TheCoy appellant struck a utility light pole *Page 5 
after she applied her brakes and slid to avoid stopped vehicles on the highway entrance ramp. Reviewing R.C. 4511.21, we determined that it was a "speed statute" and that the relevant inquiry was whether the appellant "operated her vehicle at a speed greater than was reasonable and proper so that she could not stop within the assured clear distance ahead." Id.
 {¶ 14} In the present case, the deposition testimony of appellant and appellee established the series of events leading to appellant's collision. On May 31, 2004, at approximately 5:00 a.m., appellee was driving his 2002 Pontiac Aztek northbound on I-75 near downtown Toledo, Lucas County, Ohio. It was dark and the roads were still wet from heavy rain the night before. Appellee testified that the road began to curve to the right and that he started skidding; appellee was not able to correct the skid and his vehicle struck the right barrier and went across two lanes of travel and struck the left barrier. Appellee's vehicle came to rest perpendicular to the lanes of travel and blocking the two left lanes. Appellee exited the vehicle and observed that the rear passenger wheel had come off of its axle; appellee did not try to move the vehicle.
 {¶ 15} Shortly after the accident, a Ford Explorer stopped and put on its flashers. Both appellee and the occupants of the Ford telephoned the police. Appellee testified that he and the occupants of the Ford were getting nervous about standing on the expressway because several vehicles had passed at high-speed. Moments later, a white Mercury Marquis lost control and was skidding toward the left barrier; the vehicle struck the barrier and came to a stop. After the second accident, the occupants of the Ford drove *Page 6 
appellee off of the expressway. Appellee admitted that he left his vehicle on the expressway unlit and blocking two lanes of traffic.
 {¶ 16} Appellant testified that she was proceeding northbound on I-75 when she saw the "wrecked" white Marquis and a man standing in front waving his arms. Appellant "slammed" on her brakes and hit the left barrier. Appellant did not see the Pontiac Aztek until after hitting the barrier; after hitting the barrier, her vehicle slid into the Marquis. Appellant guessed that she was traveling at about 60 to 65 m.p.h.
 {¶ 17} As in Coy, this court believes that the purpose of the assured clear distance statute is to regulate a person's speed in light of varying road conditions. The fact that there is a collision acts as evidence of a violation of the statute. Appellant further contends, as set forth in Pond, supra, that due to the curve in the road, the wet conditions, and the darkness, the vehicle was not "reasonably discernable" and/or "suddenly appeared in [her] path."
 {¶ 18} Ohio courts have discussed what is meant by "reasonably discernable." In Grout v. Joseph, (Oct. 13, 2000), 2d Dist. No. 2000 CA 20, the appellant argued that an issue of fact precluding summary judgment because he saw the cow only a "split-second" before he hit it. The court disagreed stating:
 {¶ 19} "A driver is required to maintain an assured clear distance ahead of him at all times, whether the distance is a straight path or a blind curve. In other words, a driver is required to leave enough clear distance ahead of him to avoid a collision with any object which qualifies under the [Pond] elements * * * regardless of whether he discovers *Page 7 
that object ahead of him on a straight path or ahead of him at the end of a blind curve." Id.
 {¶ 20} Similarly, this court, in Kaip v. The Estate of DavidSmith, 6th Dist. No. E-05-037, 2006-Ohio-323, found that the appellant violated the assured clear distance statute where he was driving 50 to 55 m.p.h. in dark and foggy conditions. See, also, Daniels v.Williamson (July 3, 1997), 2d Dist. No. 96-CA-146, the appellant failed to maintain an assured clear distance where he was driving in dark, wet conditions and rounded a curve and struck the vehicle in front of him.
 {¶ 21} With regard to the "sudden emergency" doctrine "Ohio courts recognize that an object suddenly appears in the driver's path if the `assured clear distance was suddenly cut down or lessened by the entrance into the driver's lane of travel of some obstruction which rendered him unable, in the exercise of ordinary care, to avoid colliding with such obstruction.'" Mitchell v. Kuchar, 8th Dist. No. 85363, 2005-Ohio-3717, ¶ 20, quoting Venegoni v. Johnson, 10th Dist. No. 01AP-1284, 2002-Ohio-1988. A collision with a vehicle stopped in the roadway does not constitute a sudden emergency. Venegoni, citingCoronet Ins. Co. v. Richards (1991), 76 Ohio App.3d 578, 584.[1] But, *Page 8 
see, Erdman v. Mestrovich (1951), 155 Ohio St. 85 (a sudden emergency is created where a pedestrian darts in front of a vehicle).
 {¶ 22} Upon review of the depositions of the parties we must conclude that the Marquis was reasonably discernable and did not suddenly appear in appellant's lane of travel. Appellant testified that she was driving 60 to 65 m.p.h. in dark, wet conditions and that after rounding the curve she saw the stationary Mercury Marquis and the man standing in front waving his arms. Appellant then slammed on her brakes to avoid the collision; she testified that she did not see appellee's vehicle until after she hit the wall. Appellant could not remember if the Marquis had its headlights on. Accordingly, had appellant been driving slower due to the wet road conditions, the darkness, and the curve she could have safely stopped or passed the wrecked vehicles in the far right lane. Based on the foregoing, we find that the trial court did not err in determining that appellant violated the assured clear distance statute.
 {¶ 23} Appellant next argues that the trial court erroneously determined that even if appellee breached a duty to appellant there was no evidence demonstrating that appellee's breach was the proximate cause of appellant's damages. Appellant contends that even absent testimony from the occupants of the Mercury Marquis, ample evidence existed to submit the issue of proximate cause to the jury.
 {¶ 24} As this court stated in Welch v. Bloom, 6th Dist. No. L-04-1003, 2004-Ohio-3168, ¶ 11: *Page 9 
 {¶ 25} "Normally, the issue of proximate cause involves questions of fact and cannot be resolved by means of summary judgment.Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272, 274. However, if the facts are undisputed, the issue becomes a question of law which can be determined on summary judgment. Tolliver v. Newark (1945),145 Ohio St. 517, 526, overruled on other grounds Fankhauser v. Mansfield (1969),19 Ohio St.2d 102, syllabus. If the plaintiffs quantity or quality of evidence on the issue of proximate cause requires mere speculation and conjecture to determine the cause of the event at issue, then the defendant is entitled to summary judgment as a matter of law. Schutt v.Rudolph-Libbe, Inc. (Mar. 31, 1995), 6th Dist. No. WD-94-064, citingRenfroe v. Ashley (1958), 167 Ohio St. 472, syllabus (which applied the same rationale to a motion for directed verdict)."
 {¶ 26} Upon review, we must agree with appellee that, absent evidence from the driver of the Mercury Marquis, appellant can only speculate as to why the Marquis collided with the barrier. Such speculation is insufficient to create a question of fact regarding causation.
 {¶ 27} Based on the foregoing, we find that the trial court did not err when it granted appellant's motion for summary judgment. Appellant's assignment of error is not well-taken.
 {¶ 28} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. *Page 10 
Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] We acknowledge that appellant cites Venegoni to support her argument that an issue of fact existed as to whether appellant's vehicle was "reasonably discernable." In Venegoni, the vehicle at issue was unlit and it was dark. Here, appellant spotted the man waving his arms in front of the Marquis and she could not remember whether or not the Marquis had its lights on. Most importantly, appellant did not see appellee's vehicle until after she hit the barrier; further, as discussed, infra, there was no evidence presented as to what caused the Marquis to crash. *Page 1