DECISION AND JUDGMENT
{¶ 1} Appellant, Grace K. Finn, appeals her conviction in the Bowling Green Municipal Court for failure to maintain an assured clear distance ahead in violation of R.C. 4511.21(A). For the reasons that follow, we reverse.
 {¶ 2} This case stems from an auto accident which occurred on November 16, 2007, in Weston Township, Wood County, Ohio. At approximately 7:00 p.m., Jonathan *Page 2 
W. Tiell, a semi truck driver, was awaiting traffic to clear on U.S. Route 6, in order to back his semi truck into his driveway. Fifteen to twenty minutes later, after the traffic cleared, Tiell pulled out onto U.S. Route 6 to back into the driveway. Tiell testified that parking his truck in this manner was his normal and frequent habit.
 {¶ 3} Appellant was traveling east on U.S. Route 6, as Tiell's semi truck backed perpendicularly in a southerly direction into his driveway while blocking part of U.S. Route 6. Appellant's vehicle collided with Tiell's truck. Appellant was cited for violation of R.C. 4511.21(A), the assured clear distance statute.
 {¶ 4} On December 17, 2007, appellant moved to dismiss the complaint, which the trial court denied. Following a bench trial, appellant was found guilty. A stay of execution was granted pending appeal.
 {¶ 5} Appellant assigns two errors for review:
 {¶ 6} "Assignment of Error Number One: The trial court committed prejudicial error when it overruled defendant-appellant Finn's Crim. R. 12(C) motion to dismiss the complaint on the ground that a driver's collision with a vehicle being backed into a driveway off a highway did not constitute, unlike a vehicle being backed out of a driveway onto a highway, an exception to the assured clear distance ahead provision of R.C. 4511.21 because, as she argued at the pre-trial hearing and court trial, the truck she collided with was neither stationary nor moving in the same direction as her automobile.
 {¶ 7} "Assignment of Error Number Two: The verdict rendered in the court below against defendant-appellant Finn is against the manifest weight of the evidence and *Page 3 
contrary to law because one of the four elements required for application of R.C. 4511.21, the assured clear distance statute, was not present and, therefore, could not be proven beyond a reasonable doubt."
 {¶ 8} Appellant contends in her first assignment of error that the trial court erred in overruling appellant's Crim. R. 12(C) motion to dismiss the complaint on the grounds that Tiell's vehicle was neither stationary or moving in the same direction as appellant at the time of the collision. Appellant relies on testimony adduced at trial to support her proposition that the trial court erred in overruling the motion.
 {¶ 9} "[A] motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either by the state or the defendant. The proper determination * * * [is] whether the allegations contained in the indictment make out offenses under Ohio criminal law."State v. O'Neal (1996), 114 Ohio App.3d 335, 336. "The Ohio Rules of Criminal Procedure * * * do not allow for `summary judgment' on an indictment before trial." State v. Tipton (1999), 135 Ohio App.3d 227,229. Therefore, "[i]f a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim. R. 29 at the close of the state's case."State v. Shaw (2003), 10thDist. No. 02AP-1036, 2003-Ohio-2139, ¶ 13. InShaw, the court concluded that a trial court ruling on a motion to dismiss is confined to the "face" of the complaint. Id. at ¶ 14. *Page 4 
 {¶ 10} Appellant asks us to look beyond the face of the complaint in evaluating the trial court's decision to overrule appellant's motion to dismiss. That, we cannot do. If appellant had desired the trial court to examine evidence beyond the complaint, appellant could have filed a Crim. R. 29 motion for acquittal at the close of appellee's case, which appellant did not do. The trial court properly denied appellant's motion to dismiss the charge of assured clear distance ahead pursuant to R.C. 4511.21(A), and appellant's first assignment of error is not well-taken.
 {¶ 11} In appellant's second assignment of error, she contends that the verdict of the trial court was against the manifest weight of the evidence because one of the elements required for a conviction under R.C. 4511.21(A) was not met. Specifically, appellant argues that Tiell was not stationary or moving in the same direction as her vehicle.
 {¶ 12} Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v. Thompkins (1997),78 Ohio St.3d at 387. To find that the verdict of the trial court is against the manifest weight of the evidence, "the appellate court sits as the `thirteenth juror' and disagrees with the factfinder's resolution of conflicting testimony." Thompkins, 78 Ohio St.3d at 387.
 {¶ 13} Although not presented directly as part of her assignment of error, appellant does argue that the conviction was unsupported by sufficient evidence. "The legal *Page 5 
concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Id. at 386.
 {¶ 14} "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v.Virginia (1979), 443 U.S. 307, 319; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus." State v. Moore (1998),81 Ohio St.3d 22, 40. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, citingJackson v. Virginia (1979), 443 U.S. 307." Thompkins,78 Ohio St.3d at 386-387.
 {¶ 15} R.C. 4511.21(A) provides: "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." A driver violates the assured clear distance statute where "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was *Page 6 
reasonably discernible." Pond v. Leislin (1995), 72 Ohio St.3d 50, 52, quoting Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7.
 {¶ 16} In Lewis v. Ace Doran Hauling Rigging Co. (June 9, 2000), 11th Dist. Nos. 99-P-0007, 99-P-0020, the court held that the trial court erred in instructing the jury as to assured clear distance ahead because the second element, requiring the vehicle to have been stationary or moving in the same direction as the defendant, was not met. The defendant had contended that the driver of a tractor trailer backing onto a roadway was not stationary or moving in the same direction as appellant's vehicle. Id. The court found that the truck driver was not traveling north in the same direction as appellant, but instead was moving perpendicularly onto the road. Id.
 {¶ 17} Similarly, in Somogyi v. National Engineering ContractingCo. (Jan. 11, 1996), 8thDist. No. CV-263804, the court held that the trial court did not err in denying an assured clear distance instruction in a negligence action because the second element of assured clear distance was not met. The court found that appellant, a bicyclist, approaching appellee's truck from a different direction was not stationary or moving in the same direction as the truck, and therefore an instruction on assured clear distance would have been improper. Id.
 {¶ 18} Appellee argues that in relation to appellant's approaching vehicle, Tiell's tractor trailer was stationary under the assured clear distance statute. At trial, Tiell testified: *Page 7 
 {¶ 19} "Q: Did you see the car before it hit you?
 {¶ 20} "A: Yes.
 {¶ 21} "Q: Okay. Did you continue moving?
 {¶ 22} "A: Yes. I seen it was coming — getting closer and closer and it wasn't going to stop, so I actually sped up and tried to get off.
 {¶ 23} "Q: What do you mean that you saw that it wasn't going to stop?
 {¶ 24} "A: I seen it coming and you could tell — you can tell a vehicle is slowing down, and there was no sign of — and it scared me so I tried to move out of the way faster.
 {¶ 25} "Q: Okay. Was your vehicle when it was backing in was it moving in a southerly direction?
 {¶ 26} "A: Yes."
 {¶ 27} Thus, at the time of the collision, Tiell's semi truck was moving into his driveway in a southerly direction when appellant's vehicle collided with it. Our previous cases are illustrative as to what constitutes "stationary" under the assured clear distance statute.See Shooter v. Perella (2007), 6thDist. No. L-07-1066, 2007-Ohio-6122, ¶ 22
(vehicle blocking two lanes of traffic on an interstate resulting from an auto accident considered "stationary"); Davis v. Gill (Oct. 20, 2000), 6thDist. No. L-00-1090 (overturned vehicle from an unrelated auto accident found to be "stationary"). Appellant argues that it defies logic to classify a moving vehicle as a stationary one. We agree. A tractor trailer moving perpendicularly across a highway is not stationary. *Page 8 
 {¶ 28} The state may also, to satisfy the second element of the assured clear distance statute, have shown that Tiell was moving in the same direction as appellant. Appellee relies upon Tiell's testimony that his cab faced west, the same direction as appellant was traveling, as he backed across U.S. Route 6. Appellant contends Tiell was not moving in the same direction as appellant, but was moving perpendicularly across the roadway. Appellant points to Deputy Holland's testimony and crash report, which depicts Tiell's cab facing east as he backed into the driveway, thus contradicting Tiell's testimony.
 {¶ 29} After reviewing the entire record, we find appellant's conviction under R.C. 4511.21(A) for violating the assured clear distance statute was not supported by sufficient evidence. The second element of the assured clear distance statute was not met and could not have been met, given the testimony and evidence. As in Lewis, Tiell's semi truck was not stationary or moving in the same direction as appellant's vehicle. At trial, Tiell testified he was (1) moving, and (2) facing west and backing in a southerly direction across U.S. Route 6 at the time of the collision. The crash report shows Tiell's cab facing east as he backed into his driveway. Regardless of whether Tiell was moving southwest or southeast as he backed into his driveway, he was neither stationary nor moving in the same direction as appellant. Based on the foregoing, no rational trier of fact could have found that Tiell was either stationary or moving in the same direction. As insufficient evidence supports all elements of the offense, appellant's conviction must be vacated. *Page 9 Thompkins, 78 Ohio St.3d at 387-388. Appellant's second assignment of error is well-taken to that extent.
 {¶ 30} On consideration whereof, appellant's conviction for violating the assured clear distance statute is vacated. Appellee is ordered to pay the costs of the appeal pursuant to App. R. 24. Judgment for clerk's expense incurred in preparation of the record, fees allowed by law, and the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1