[Cite as *State v. Bumbulis*, 2014-Ohio-5207.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

Court of Appeals No. H-13-025

Appellee

Trial Court No. TRD1303700

v.

Ronald C. Bumbulis

**DECISION AND JUDGMENT**

Appellant

Decided:  November 21, 2014

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Brent L. English, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 19, 2013 judgment of the Norwalk

Municipal Court, Huron County, Ohio, which found appellant guilty of one count of

failure to maintain an assured clear distance, in violation of R.C. 4511.21(A). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Ronald C. Bumbulis, sets forth the following two assignments of error:

1. The trial court committed reversible error by denying Appellant's Motion for Acquittal at the conclusion of the State's case and at the conclusion of the presentation of all evidence because the evidence was insufficient to establish every element of the offense beyond a reasonable doubt.

2. The Trial Court's judgment of conviction for failing to maintain an assured clear distance is against the manifest weight [of] the evidence.

{¶ 3} The following undisputed facts are relevant to this appeal. On June 27, 2013, appellant Ronald Bumbulis was on duty driving a commercial truck westbound along State Route 18 in Huron County, Ohio. Appellant was transporting a load of landscaping stones weighing approximately 78,000 pounds. The conditions were dark as appellant was traveling at night and the weather was rainy and inclement.

{¶ 4} Simultaneously, on June 27, 2013, a woman and a passenger were driving westbound along State Route 18 returning home to New London, Ohio. They were traveling some distance ahead of appellant's position. They experienced mechanical difficulties with their vehicle and pulled it to the side of the road.

2.

**{¶ 5}** On June 27, 2013, Ohio State Highway Patrol Trooper Sarah Frey ("Trooper Frey") was on duty in Huron County, Ohio. Trooper Frey received a dispatch regarding the disabled vehicle stopped along State Route 18 needing assistance. Trooper Frey traveled towards the location and arrived in the vicinity shortly after 2:00 a.m. Although it was nighttime and the weather conditions were rainy, Trooper Frey was able to observe the disabled vehicle as she approached it from a location of approximately 1,000 feet away from the vehicle.

**{¶ 6}** After Trooper Frey passed the vehicle and began the process of turning around in a driveway in order to assist the disabled vehicle, appellant was approaching the location of the disabled vehicle in his commercial truck. Notably, shortly before appellant reached the disabled vehicle, another commercial truck driver also driving his truck along State Route 18, Clint Simonson, had just observed the disabled vehicle along the side of the road, adjusted the trajectory of his truck, and avoided striking the vehicle. Simonson had first noticed the vehicle from approximately 60 feet away. Simonson promptly notified appellant who was traveling in his truck approximately one-half of a mile behind Simonson via CB radio of the presence of the disabled vehicle.

**{¶ 7}** Unfortunately, appellant did not avoid striking the vehicle. Appellant struck the disabled vehicle right as Trooper Frey was on the scene turning around in a driveway. Fortunately, there were no injuries. Appellant was subsequently cited with one count of failing to maintain an assured clear distance, in violation of R.C. 4511.21(A). On

3.

September 19, 2013, the case proceeded to bench trial in the Norwalk Municipal Court. Appellant was found guilty. This appeal ensued.

{¶ 8} In the first assignment of error, appellant maintains the trial court erred in denying appellant's Crim.R. 29(A) motion for acquittal. In support, appellant maintains that reasonable minds could only conclude that the disabled vehicle was not reasonably discernible to appellant. We do not concur.

{¶ 9} Crim.R. 29(A) establishes that a motion for an acquittal may be granted if the evidence presented was insufficient to sustain a conviction of the offense. In conjunction with Crim.R. 29(A), it is well-established that when reviewing a disputed denial of a motion for acquittal made pursuant to Crim.R. 29(A), the appellate court must determine whether the evidence presented is such that reasonable minds could reach different conclusions as to whether the elements of the offense had been proven beyond a reasonable doubt. *State v. Perry*, 6th Dist. Huron No. H-12-020, 2014-Ohio-4732, ¶ 23. Accordingly, the relevant inquiry becomes, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *Id*. at ¶ 24.

{¶ 10} In conjunction with the above, Supreme Court of Ohio precedent pertinent to assured clear distance cases establishes that in order to prove a violation of R.C. 4511.21(A), which directs that no person shall drive any motor vehicle upon any street or highway at such a speed that it will not permit them to stop the vehicle within an assured clear distance ahead, it must be demonstrated that the accused collided with (1) an object

4.

ahead of him or her in the path of travel, (2) the object was stationary or moving in the same direction, (3) the object did not suddenly appear in the path of travel, and (4) the object was reasonably discernible. *State v. Leslein*, 72 Ohio St.3d 50, 647 N.E.2d 477 (1995). We note that as relevant to the instant case, the dispute centers upon whether the disabled vehicle was reasonably discernible to appellant.

{¶ 11} Significantly, we also note that this court has recognized that a vehicle stopped in the roadway does not constitute a sudden emergency. *State v. Perella*, 6th Dist. Lucas No. L-07-1066, 2007-Ohio-6122, ¶ 21.

{¶ 12} At trial in this matter, Trooper Frey gave uncontroverted testimony that despite the conditions and just prior to the collision, she was able to observe the disabled vehicle from approximately 1,000 feet away. This testimony was corroborated by Trooper Frey's dash cam video. The dash cam video reflected that the headlights of the patrol cruiser illuminated the roadway sufficiently to a distance of at least 100 feet. Appellant concedes that Trooper Frey's dash cam video shows reflective surfaces on and along the roadway and reflective surfaces on the disable vehicle. The video was admitted into evidence.

{¶ 13} In addition to Trooper Frey's eyewitness testimony Simonson, another commercial truck driver who drove past the disabled vehicle moments before it was struck by appellant, also testified at trial. Simonson furnished uncontroverted testimony that while also driving a commercial truck at the same time of night, during these same weather conditions, and just prior to the collision, he was able to observe the disabled

5.

vehicle from a distance of approximately 60 feet away, was able to take measures to adjust his path of travel and avoid striking the vehicle, and then notified appellant via CB radio of the disabled vehicle as appellant approached it.

{¶ 14} The record of evidence reflects that two other individuals driving motor vehicles under the same conditions as appellant and at the same time as appellant both discerned the presence of the vehicle with adequate time and distance to successfully avoid striking it. While we acknowledge appellant's contention that reasonable minds can only conclude that the subject vehicle was not reasonably discernible, the record of evidence does not comport with that position. Appellant has failed to establish that reasonable minds could only conclude that the vehicle at issue was not reasonably discernible. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 15} In appellant's second assignment of error, he similarly contends that his conviction was against the manifest weight of the evidence. We are not persuaded.

{¶ 16} It is well-established that in reviewing manifest weight of the evidence claims, this court acts as a "thirteenth juror" in order to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1978).

{¶ 17} As referenced above, this court does not construe a vehicle stopped upon a roadway as an unavoidable sudden emergency. *Perella*, 6th Dist. Lucas No. L-07-1066, 2007-Ohio-6122, ¶ 21. The record reflects the testimony of two eyewitnesses who

6.

encountered the same vehicle under the same circumstances and at the same time as appellant. The record reflects that both of these witnesses reasonably discerned the vehicle with adequate time and distance to avoid striking it. Conversely, appellant maintains that under these circumstances there was no way for him to have observed the vehicle and avoided colliding with it. Appellant concludes, "[T]he black Volkswagen was simply not reasonably discernible." We do not concur.

{¶ 18} The record reflects ample evidence from which a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. The record notably encompasses the eyewitness testimony of Trooper Frey and Simonson, who both were driving motor vehicles at the same time as appellant, under the same conditions as appellant, and in the same location as appellant. Both witnesses clearly testified as to their ability to discern the subject vehicle with adequate time and distance to enable them to avoid colliding with it. As such, we find that the record does not support a determination that the verdict constituted a manifest miscarriage of justice necessitating a new trial. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 19} We find that substantial justice has been done in this matter. The judgment of the Norwalk Municipal Court, Huron County, Ohio, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                        _____

                                                               JUDGE

Thomas J. Osowik, J.             

Stephen A. Yarbrough, P.J.      _____
CONCUR.                                           JUDGE

                                                               _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.